OPINION
In this accelerated calendar case, appellant, Christine M. Barto, timely appeals from the judgment of the Lake County Court of Common Pleas entered on June 20, 2000. This judgment entry adopted the magistrate's decision of March 22, 2000, which required appellant to pay appellee, Kurt Andrew Barto, a total of $450 per month for child support.
The parties were married on July 2, 1988, in Strongsville, Ohio. The marriage produced three children: Leah, born February 28, 1991; Bradley, born January 8, 1993; and Curtis, born July 4, 1994. Mr. Barto filed a complaint for divorce on January 23, 1998. In November of 1998, appellant moved out of the four-bedroom family residence on River Road in Perry, Ohio. Mr. Barto continues to live in the family residence and was awarded residential custody of the three children. The parties have entered into a shared parenting agreement.
The magistrate completed the worksheet calculations to determine the amount of child support to be paid. After applying the offsets, as set forth by this court in Luke v. Luke (Feb. 20, 1998), Lake App. No. 97-L-044, unreported, 1998 Ohio App. LEXIS 647, appellant's child support obligation came out to be $2.89 per month, per child. The magistrate chose to deviate upwards from this nominal amount to $150 per month, per child.
Appellant raises the following assignment of error in this appeal:
 "The trial court erred and abused its discretion in deviating the amount of support which appellant was to pay from that which would have been ordered by O.R.C. 3113.215(B)(6)(a)."
 Within this single assignment of error, appellant raises three specific matters, which she alleges the trial court failed to take into account in determining the amount of child support under R.C. 3113.215.[1]
The first issue is that appellant has another child to take care of, an infant who was born after the separation. The second issue is that appellant is currently unemployed in order to stay home and care for her infant. The final issue is whether requiring appellant to pay an "extravagant" amount of child support is actually in the best interest of her children.
"It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." Paulyv. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is "more than an error of law [or] of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
The parties entered into a shared parenting agreement. Under a shared parenting agreement, both parents may be required to pay child support. This court has held that this scenario results in an "offset" of one obligation from the other, rather than creating two support orders.Luke, at *16-17. The trial court is to calculate the support obligations pursuant to the worksheets provided in Chapter 31 of the Revised Code.Anthony v. Anthony (Dec. 3, 1999), Lake App. No. 98-L-222, unreported, 1999 Ohio App. LEXIS 5759, at *8. The court can deviate from the worksheet calculations if it "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in R.C. 3113.215(B)(3)."Id. at *9, citing R.C. 3113.215(B)(6)(a). The provision of the revised code that provides for this is R.C. 3113.215(B)(6)(a), which states, in relevant part:
 "If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, ***."
 The code goes on to state that "`extraordinary circumstances of the parents' includes, but is not limited to: *** (i) [t]he amount of time that the children spend with each parent[.]" R.C. 3113.21.5(B)(6)(b). The amount of time spent with each parent was taken into account in this case, as the magistrate found that the children spend seventy-two percent of their time with Mr. Barto, compared to only twenty-eight percent of their time with appellant.
Appellant asserts that her unemployment was not taken into consideration by the trial court. The parties stipulated that appellant's imputed income was $56,000. This was the amount used by the magistrate in calculating the child support obligations, since appellant's unemployment was voluntary.
Prior to the divorce, the family lived in a four-bedroom house, allowing each child to have his or her own bedroom. The family income was over $110,000. If the worksheet calculation were used, the children would essentially have a $58,000 lifestyle. This is because the children would only be supported by their father's income, plus the nominal child support of $2.89 per month, per child from the mother. The court deviated upward to the $150 per month, per child, to allow the children to continue to live how they had become accustomed, including remaining in the house and having their own bedrooms. The court was allowed to consider the children's previous standard of living pursuant to R.C. 3113.215(B)(3)(l).
Another factor the court used to deviate the amount of support upwards was the fact that appellant was living with the father of her new child. The magistrate found that this individual contributed to appellant's living expenses. The court can consider the benefits of sharing living expenses with another person. R.C. 3113.215(B)(3)(h).
Appellant mistakenly argues that her other child was not taken into consideration by the trial court when it determined the amount of child support. Appellant's other child was mentioned in both the magistrate's decision and the trial court's judgment entry. The fact that the court or magistrate did not make a specific finding, that adjusted the amount of child support based on appellant's other child, does not constitute error.
Appellant also asserts that the court erred in requiring her to pay an "extravagant" amount of child support. She claims that the court did not take into consideration the best interest of the children when it ordered her to pay this amount of child support. She argues the order forces her to decide between getting a job to support her three older children or staying at home with her new child. Many parents face a similar dilemma in deciding to meet their financial obligations or stay home with their children. The fact that appellant has a new child does not excuse her from her obligation to support her three children from her previous marriage.
After carefully weighing all of the circumstances of this case, including those discussed here, the magistrate and, subsequently, the trial court concluded that it was in the children's best interest to have the amount of child support raised from $2.89 per month, per child to $150 per month, per child. We do not consider this an abuse of discretion.
Appellant's assignment of error is without merit. Accordingly, the judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL FORD, J., concurs, CHRISTLEY, J., concurs in judgment only.
[1] R.C. 3113.21.5 was in place at the time of this action and will be used in this opinion. However, this section has been recodified in R.C.3119.01 et seq.